```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

          v.                             18 Cr. 36 (JPO)

THOMAS WHITTLE,

              Defendant.

------------------------------x
                                         October 29, 2018
                                         3:30 p.m.

Before:

                    HON. J. PAUL OETKEN,

                                         District Judge


                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  REBECCA G. MERMELSTEIN
     JORDAN L. ESTES
     AMANDA K. KRAMER
     Assistant United States Attorneys

CAHILL GORDON & REINDEL, LLP
     Attorneys for Defendant
BY: BRADLEY J. BONDI
    NOLA B. HELLER
```

1           (Case called)
2           THE DEPUTY CLERK:  Starting with the government,
3  counsel please state your name for the record.
4           MS. MERMELSTEIN:  Good afternoon, your Honor.  Rebecca
5  Mermelstein, Jordan Estes, and Amanda Kramer for the
6  government.
7           THE COURT:  Good afternoon.
8           MR. BONDI:  Good afternoon, your Honor.  Brad Bondi
9  and Nola Heller from Cahilll, Gordon & Reindel for Mr. Whittle.
10          THE COURT:  Good afternoon.
11          I have been informed, Mr. Whittle, that you wish to
12 plead guilty to Counts One through Five of the indictment in
13 this case; is that correct?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  Before accepting your plea I'm going to
16 ask you certain questions so I can establish, to my
17 satisfaction, that you wish to plead guilty because you are
18 guilty and not for some other reason.  If you don't understand
19 any of my questions or if you would like further opportunity to
20 consult with your attorneys, please, let me know.  All right?
21          THE DEFENDANT:  Very good.
22          THE COURT:  Please place the defendant under oath.
23          (Defendant sworn)
24          THE COURT:  Are you now under oath, Mr. Whittle, and
25 that means if you answer my questions falsely, those answers

IAT5whiP

1     could be used in a prosecution for perjury.
2                 Do you understand that?
3                 THE DEFENDANT:  Yes, your Honor.
4                 THE COURT:  Could you please tell me your full name?
5                 THE DEFENDANT:  Thomas William Whittle, III.
6                 THE COURT:  How old are you, sir?
7                 THE DEFENDANT:  55.
8                 THE COURT:  How far did you go in school?
9                 THE DEFENDANT:  Bachelors degree.
10                THE COURT:  And where was that?
11                THE DEFENDANT:  LaSalle University.
12                THE COURT:  Have you ever been treated or hospitalized
13    for any mental illness?
14                THE DEFENDANT:  No, sir.
15                THE COURT:  And are you now or have you recently been
16    under the care of a psychiatrist or a doctor?
17                THE DEFENDANT:  No, your Honor.
18                THE COURT:  Have you ever been hospitalized or treated
19    for addiction to drugs or alcohol?
20                THE DEFENDANT:  No, your Honor.
21                THE COURT:  In the past 24 hours have you had any
22    drugs, medicine, or alcohol?
23                THE DEFENDANT:  No, your Honor.
24                THE COURT:  Is your mind clear today?
25                THE DEFENDANT:  Yes, it is.

1          THE COURT:  Does either counsel have any doubt as to
2    the defendant's competence to plead at this time?
3          MS. MERMELSTEIN:  No, your Honor.
4          MR. BONDI:  No, your Honor.
5          THE COURT:  Based on his responses to my questions and
6    his demeanor as I observe it, I find that the defendant is
7    competent to enter a plea of guilty at this time.
8          Mr. Whittle, have you had a sufficient opportunity to
9    discuss your case with your attorney including the charges you
10   intend to plead guilty to, any possible defenses to those
11   charges, and the consequences of entering a plea of guilty?
12         THE DEFENDANT:  Yes, I have, your Honor.
13         THE COURT:  And are you satisfied with your attorney's
14   representation of you?
15         THE DEFENDANT:  Yes, I am, your Honor.
16         THE COURT:  I am now going to explain certain
17   constitutional rights that you have.  These are rights that you
18   will give up when you plead guilty under this plea agreement.
19         Under the Constitution and laws of the United States,
20   you are entitled to a speedy and public trial by a jury on the
21   charges contained in the indictment. At that trial, you will
22   be presumed to be innocent and the government would be required
23   to prove you guilty beyond a reasonable doubt by competent
24   evidence before you could be found guilty.  You would not have
25   the burden of proving that you are innocent.  A jury of 12

1    people would have to agree unanimously that you were guilty.
2    At that trial and at every stage of your case you would be
3    entitled to be represented by an attorney and if you could not
4    afford one, one would be appointed to represent you.  During a
5    trial, the witnesses for the government would have to come to
6    court and testify in your presence, and your lawyer would be
7    able to cross-examine the witnesses for the government, object
8    to evidence offered by the government and, if you desire,
9    issues subpoenas and offer evidence and compel witnesses to
10   testify in your defense.
11            Do you understand all of that?
12            THE DEFENDANT:  Yes, I do, your Honor.
13            THE COURT:  At a trial, although you would have the
14   right to testify if you chose to, you would also have the right
15   not to testify and no inference or suggestion of guilt could be
16   drawn from the fact that you did not testify if that is what
17   you chose.
18            Do you understand that?
19            THE DEFENDANT:  I do, your Honor.
20            THE COURT:  Do you understand that if you were
21   convicted at a trial, you would also have the right to appeal
22   that verdict to the Court of Appeals?
23            THE DEFENDANT:  Yes, I do, your Honor.
24            THE COURT:  Do you understand?
25            THE DEFENDANT:  Yes, I do, your Honor.

1            THE COURT:  Even at this time, as you are entering

2    this plea, you have the right to change your mind, continuing

3    pleading not guilty and to go to trial.

4            Do you understand that?

5            THE DEFENDANT:  Yes, I do, your Honor.

6            THE COURT:  If you do plead guilty and I accept your

7    plea, you will be giving up your right to a trial and the other

8    rights I have just described.  There will be no trial but,

9    instead, I will enter a judgment of guilty on the counts to

10   which you plead guilty, and then I will sentence you on the

11   basis of that guilty plea, but only after considering any

12   written submissions from your counsel and from the government

13   as well as a presentence report that the Probation Department

14   typically prepares before there is any sentencing.

15           Do you understand that?

16           THE DEFENDANT:  Yes, I do, your Honor.

17           THE COURT:  And, if you plead guilty, you will also

18   have to give up your right not to incriminate yourself because

19   I will ask you questions about what you did to satisfy myself

20   that you are in fact guilty as charged.

21           Do you understand that?

22           THE DEFENDANT:  Yes, I do, your Honor.

23           THE COURT:  Have you seen a copy of the indictment

24   containing the charges against you in this case?

25           THE DEFENDANT:  Yes, I have, your Honor.

1           THE COURT:  Have you had a chance to read it and
2  discuss it with your lawyer?
3           THE DEFENDANT:  I have.
4           THE COURT:  And do you understand the nature of the
5  charges against you?
6           THE DEFENDANT:  Yes, your Honor.
7           THE COURT:  I would like to ask counsel for the
8  government if you would like to state the elements of each of
9  the five counts in this case.
10          MS. MERMELSTEIN:  Sure, your Honor.
11          Count One charges the defendant with conspiring to
12 defraud the United States from in or about April 2015 through
13 in or about February 2017, in violation of 18, United States
14 Code, Section 371.  There are three elements of that offense.
15          First, that the defendant entered into an agreement;
16          Second, that the object of the agreement was to
17 obstruct lawful function of the government, here the Securities
18 and Exchange Commission by deceitful or on dishonest means, and
19          Third, that at least one overt act was committed in
20 furtherance of that agreement.
21          Count Two charges the defendant with conspiring to
22 commit wire fraud from in or about April 2015, through in or
23 about February 2017 in violation of 18, United States Code,
24 Section 1349.  There are two elements of that offense:
25          First that two or more persons entered a conspiracy to

commit wire fraud, the elements of which I will address in a moment; and

Second, that the defendant knowingly and willfully became a member of that conspiracy.

Counts Three, Four, and Five each charge substantive wire fraud with respect to time periods in 2015, 2016, and 2017 respectively, each in violation of 18 U.S.C. Section 1343. Wire fraud has three elements:

First, that there was a scheme or artifice to defraud, or to obtain money or property by materially false and fraudulent pretenses, representations or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme the defendant used or caused the use of an interstate wire.

For all counts there must be some act in furtherance that took place in the Southern District of New York.

THE COURT:  Thank you.

I also want to make sure that you are aware of the maximum penalty for each of these charges under the relevant federal statute.  This is separate from the sentencing guidelines, this is the maximum under the statute.

With respect to Count One, conspiracy to defraud the

United States, there is a maximum of five years' imprisonment, there is a maximum fine of the greatest of $250,000 or twice the total gain from the offense or twice the total loss to other individuals or people from the offense, and a $100 special assessment which is mandatory.  There is also a maximum term of supervised release of three years.  Supervised release means that you are subject to monitoring following release from any period of incarceration and there are terms and conditions of supervised release that you must comply with essentially like probation, and if you do not comply with them you can be returned to prison without a jury trial.

With respect to Count Two, conspiracy to commit wire fraud, there is a maximum of 20 years' imprisonment, there is a maximum fine of the greatest of $250,000, or twice the total gain from the offense or twice the total loss to others from the offense, and there is a $100 special assessment, and the maximum term of supervised release of three years.

Also, with respect to Counts Three, Four, and Five, each of which charge wire fraud, there are similarly, for each of those counts, a maximum term of 20 years' imprisonment, a maximum fine of the greatest of $250,000, or twice the total gain from the offense or twice the total loss to others from the offense, and a $100 special assessment with respect to each of those counts, and a maximum term of supervised release of three years with respect to each of those counts.

1    In addition, you must make restitution to any victims
2  in an amount to be specified by the Court and as part of your
3  plea agreement you shall admit to the forfeiture allegation of
4  the indictment and agree to forfeit to the United States any
5  property constituting or derived from the offenses charged in
6  Counts One through Five.
7    Mr. Whittle, are you a United States citizen?
8    THE DEFENDANT:  Yes, I am, your Honor.
9    THE COURT:  Also, if your attorney or anyone has
10  attempted to predict what your sentence will be, I will explain
11  to you that that prediction could be wrong.  That's because I'm
12  the one that determines your sentence so no one can promise you
13  or assure you what your sentence is going to be and, as I said,
14  I'm going to get a presentence report that probation prepares
15  as well as any written submissions from you and the government
16  and consider, along with a starting point of sentencing which
17  is the sentencing guidelines which is not mandatory but is an
18  advisory benchmark in any particular case, I will consider that
19  as well as any possible departures or variances from it, as
20  well as any other factors and ultimately determine a sentence
21  based on the factors in the statute Section 3553(a) of Title
22  18.
23    Do you understand all of that?
24    THE DEFENDANT:  Yes, your Honor.
25    THE COURT:  Have you had a chance to discuss the issue

IAT5whiP

1     of sentencing generally with your attorneys?
2             THE DEFENDANT:  Yes, I have, your Honor.
3             THE COURT:  Also, if your sentence is different from
4     what you expect or what anyone told you it might be, you will
5     still be bound by your guilty plea and not be allowed to
6     withdraw that guilty plea.
7             Do you understand that?
8             THE DEFENDANT:  Yes, your Honor.
9             THE COURT:  Has anyone threatened you or forced you to
10    plead guilty?
11            THE DEFENDANT:  No, your Honor.
12            THE COURT:  Have you entered into a plea agreement
13    with the government?
14            THE DEFENDANT:  Yes, I have, your Honor.
15            THE COURT:  I have a copy of a plea agreement, it
16    appears to be signed.  Did you have a chance to sign this
17    today?
18            THE DEFENDANT:  Yes, I did, your Honor.
19            THE COURT:  Before you signed it did you read it and
20    discuss it with your lawyer?
21            THE DEFENDANT:  Yes, I did, your Honor.
22            THE COURT:  Do you feel you understand everything
23    that's in that agreement?
24            THE DEFENDANT:  I do.
25            THE COURT:  Okay.

1    With respect to any assistance or cooperation I want
2    to explain to you that it is up to the government to decide
3    whether any cooperation or assistance has been helpful enough
4    or productive enough for it to make a motion providing for a
5    sentence below the guideline range of what would ordinarily be
6    the guideline range or benchmark of a sentence when the Court
7    considers a sentence, and even if the government does make such
8    a motion, a 5K motion, it is up to me to decide whether to give
9    any credit and what amount of credit is good for assistance or
10   cooperation.
11            Do you understand that?
12            THE DEFENDANT: Yes, I do, your Honor.
13            THE COURT: Has anyone made any other promise or other
14   assurance other than what's in the plea agreement to induce you
15   to plead guilty?
16            THE DEFENDANT: No, your Honor.
17            THE COURT: Having gone through this back and forth
18   today, do you still wish to plead guilty to Counts One through
19   Five pursuant to this agreement?
20            THE DEFENDANT: I do, your Honor.
21            THE COURT: Are you pleading guilty voluntarily?
22            THE DEFENDANT: I am, your Honor.
23            THE COURT: Would you please tell me in your own words
24   what you did that makes you believe that you are guilty of the
25   charges in the indictment? And if would you like to read it,

1   that's fine, just please make sure you read it slowly and
2   clearly so that I can hear it and that the court reporter can
3   take it down.
4           THE DEFENDANT:  Between approximately May 2015 and
5   February 2017, I, along with other partners and employees at
6   KPMG, including David Middendorf, David Britt, Brian Sweet, and
7   Cynthia Holder, agreed to share and use confidential
8   information from the PCAOB that we were not entitled to have.
9   We did so in order to try to improve the results of PCAOB
10  inspections of KPMG audits.  I knew that the results of those
11  inspections were reported to the SEC.  I also knew that the SEC
12  used PCAOB inspection results to perform its governmental
13  functions including overseeing and evaluating the performance
14  of public companies and their auditors such as KPMG.
15          In connection with these actions, I and others used
16  e-mail and telephones across state lines and did so on specific
17  occasions in 2015, 2026, and 2017.  Some of the conduct I
18  described took place in Manhattan.  I knew my actions were
19  wrong at the time I took them.
20          THE COURT:  Thank you.
21          Does counsel for the government believe that there is
22  sufficient factual basis based on that allocution for the
23  guilty plea?
24          MS. MERMELSTEIN:  Yes, your Honor.
25          THE COURT:  Does defense counsel also agree that there

1    is sufficient factual basis for the guilty plea?

2             MR. BONDI:  Yes, your Honor.

3             THE COURT:  Does defense counsel know of any valid

4    defense that would prevail at trial or any other reason why

5    your client should not be permitted to plead guilty at this

6    time?

7             MR. BONDI:  No, your Honor.

8             THE COURT:  Mr. Whittle, since you acknowledge that

9    you are in fact guilty as charged in the indictment and since I

10   am satisfied that you know your rights including your right to

11   go to trial, that you are aware of the consequences of your

12   plea including the sentence which may be imposed, and since I

13   find that you are voluntarily pleading guilty, I accept your

14   guilty plea and enter judgment of guilty on the counts to which

15   you have pleaded guilty.

16            I will set a date for sentencing.  I mentioned a

17   presentence report.  At some point the Probation Department

18   will conduct an interview, your counsel will be able to be

19   present for that.  It has a lot of information about these

20   offenses but also about your background and your family and

21   everything, your employment history and everything.  I read it

22   carefully so, please, make sure if and when you speak to

23   probation that you are accurate and honest when you do speak to

24   them.

25            In terms of timing for sentencing, what's an

1   appropriate date do you think?
2              MS. MERMELSTEIN:  I think we should probably set a
3   control date for September, given the trial date in the case is
4   in February and roughly 120 days I would expect it will take to
5   sentence any trial defendants who are convicted at trial.  But,
6   if your Honor wants to put something on earlier, that's fine.
7   We request that the PSR not yet be ordered.  We can remind the
8   Court in advance of the sentencing date.
9              THE COURT:  Defense counsel, does a that make sense to
10  you, something like September of next year?
11             MR. BONDI:  Yes, your Honor.
12             THE COURT:  Can we do Friday, September 13th, at 10:00
13  a.m.?  September 13th, 2019, 10:00 a.m. for sentencing.  Any
14  written submissions -- is that okay?
15             MS. MERMELSTEIN:  Yes, your Honor.  We were just
16  checking calendars.
17             THE COURT:  Okay.
18             Any written submissions will be due two weeks before
19  by the -- typically it is by the defendant two weeks before,
20  which would be August 30th, and then one week before by the
21  government, which is September 6th.  If there is a 5K letter,
22  the order can be reversed and the government's can be two weeks
23  before.  All right?
24             Is there any objection to the present bail being
25  continued to the date of sentencing?

IAT5whiP

1           MS. MERMELSTEIN:  No, your Honor.
2           THE COURT:  All the conditions of your pretrial
3  release will continue to the date set for sentencing and you
4  must be in the courtroom at the date and time I have set at
5  sentencing whether it is that date or a date that changes.
6           You understand that, right?
7           THE DEFENDANT:  Yes, your Honor.
8           THE COURT:  If you would let me know when the PSR
9  should be ordered at the appropriate time I will take care of
10 that.
11          MS. MERMELSTEIN:  Will do.
12          THE COURT:  Anything else for today?
13          MS. MERMELSTEIN:  No, your Honor.
14          MR. BONDI:  No, your Honor.
15          THE COURT:  Thank you very much.  We are adjourned.
16                                o0o