UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>THOMAS WHITTLE,<br><br>              Defendant. | No. 18-CR-36 (JPO)<br><br>WRIT OF *CORAM NOBIS* |

WRIT OF CORAM NOBIS

Upon consideration of the consent request of the defendant, Thomas Whittle, for the issuance of a writ of *coram nobis*, the Court hereby finds:

1. On December 2, 2020, the Court entered a judgment adjudicating Thomas Whittle guilty, pursuant to a guilty plea, of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and wire fraud in violation of 18 U.S.C. § 1343.

2. After judgment was entered, the United States Court of Appeals for the Second Circuit clarified that intangible regulatory information is not "property" within the meaning of 18 U.S.C. § 1343 and therefore cannot form the basis of a wire fraud conviction. *See United States v. Blaszczak*, 56 F.4th 230 (2d Cir. 2022).

3. Whittle's and his co-defendants' convictions relied on the misuse of intangible regulatory information to satisfy wire fraud's property element. For that reason, the United States, with this Court's approval, has dismissed the indictments filed against Whittle's alleged co-conspirators, David Middendorf and Jeffrey Wada.

1

4. Whittle's conduct also cannot support his conviction.  The law is now clear that "the prosecution has offered and the record discloses no proof whatever of [the property] element[] of the crime charged," and Whittle's judgment of conviction therefore "has a fatal constitutional taint for lack of due process of law."  *United States v. Liguori*, 438 F.2d 663, 669 (2d Cir. 1971).  Accordingly, the "circumstances" here are sufficiently "compelling" that a writ of *coram nobis* is required "to achieve justice."  *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014); *see also Edwards v. United States*, 564 F.2d 652, 654 (2d Cir. 1977).

5. While Whittle also pleaded guilty to conspiring to defraud the SEC, Middendorf and Wada were acquitted of that count at trial.  Further, the Government did not insist that another co-conspirator, David Britt, plead guilty to that count when he pleaded guilty without a cooperation agreement.  In the particular circumstances of this case, it is not in the interests of justice to leave Whittle worse off than his coconspirators, simply because Whittle chose to cooperate with the Government.

6. "[S]ound reasons exist for [Whittle's] failure to seek appropriate earlier relief."  *Kovacs*, 744 F.3d at 49.  The Second Circuit's decision in *Blaszczak* and the United States' confession of error in his co-defendants' cases provided the basis for Whittle to seek relief from his conviction, and he sought relief soon after those events.

7. Whittle "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  *Kovacs*, 744 F.3d at 49. These include difficulty obtaining employment; financial consequences including difficulty securing loans, refinancing mortgages, and obtaining insurance coverage; and the loss of civil liberties.

8. Whittle is not in custody and therefore cannot seek a writ of *habeas corpus*.

9. The United States consents to Whittle's request for *coram nobis* relief.

Accordingly, it is HEREBY ORDERED that:

The Court issues a writ of *coram nobis*, and Thomas Whittle's guilty plea and judgment of conviction are VACATED.

BY THE COURT:

Dated: February 20, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge